IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHANIE FULKERSON,          :

    Plaintiff,

                                      Case No. 3:13-cv-130

v.                            :

                                      JUDGE WALTER H. RICE

YASKAWA AMERICA, INC.,

    Defendant.          :

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND EXHIBIT LIST (DOC. #41); SUSTAINING IN PART
AND OVERRULING IN PART PLAINTIFF'S SECOND MOTION FOR
LEAVE TO AMEND EXHIBIT LIST (DOC. #42); SUSTAINING IN PART
AND OVERRULING IN PART DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE REGARDING PLAINTIFF'S EMOTIONAL
DISTRESS AND LITIGATION STRESS (DOC. #43); VACATING
OCTOBER 8, 2014, NOTATION ORDER

---

This matter is currently before the Court on three pending motions:  (1) Plaintiff's Motion for Leave to Amend Exhibit List (Doc. #41); (2) Plaintiff's Second Motion for Leave to Amend Exhibit List (Doc. #42); and (3) Defendant's Motion in Limine to Exclude Evidence Regarding Plaintiff's Emotional Distress and Litigation Stress (Doc. #43).

I.  **Plaintiff's Motion for Leave to Amend Exhibit List (Doc. #41)**

Plaintiff seeks leave to amend her Exhibit List to include a voice recording of the October 19, 2012, voice mail message from Sally Fairchild, as Exhibit 57.  As

discussed during the October 3, 2014, Final Pretrial Conference, this motion is unopposed. Accordingly, the Court SUSTAINS Plaintiff's Motion for Leave to Amend Exhibit List. Doc. #41.

II. **Plaintiff's Second Motion for Leave to Amend Exhibit List (Doc. #42) and Defendant's Motion in Limine to Exclude Evidence Regarding Plaintiff's Emotional Distress and Litigation Stress (Doc. #43)**

Plaintiff next seeks leave to amend her Exhibit List to include, as Exhibit 58, a voice recording of an August 8, 2012, voice mail message from Sally Fairchild. As discussed during the October 3, 2014, Final Pretrial Conference, this portion of Plaintiff's motion is also unopposed.

In addition, Plaintiff seeks leave to amend her Exhibit List to include, as Exhibit 59, photographs of Plaintiff offered in support of her Fair Labor Standards Act ("FLSA") retaliation claim. The photographs allegedly show the substantial weight loss and deteriorating physical condition allegedly brought on by the emotional stress she endured after complaining about Yaskawa's failure to provide required overtime compensation.

Defendant opposes this portion of Plaintiff's motion, arguing that Plaintiff is not entitled to recover for emotional distress under the FLSA. Defendant further argues that any photographs taken after Plaintiff's employment was terminated are irrelevant and inadmissible since Plaintiff cannot recover for litigation stress. *See Park-Ohio Indus., Inc. v. Tucker Induction Sys., Ltd.*, No. 82-2828, 1987 WL 1377908, at *5 (E.D. Mich. Oct. 21, 1987). For the same reasons, Defendant

2

moves the Court for an Order excluding evidence and testimony of Plaintiff's emotional distress and litigation stress. Doc. #43.

As Plaintiff notes, however, the Sixth Circuit has held, although the anti-retaliation provision of the FLSA "does not explicitly allow damages for emotional injuries," such damages are nevertheless recoverable. *Moore v. Freeman*, 355 F.3d 558, 563 (6th Cir. 2004). "The statutory scheme contemplates compensation in full for any retaliation employees suffer from reporting grievances, and there is no indication that it would not include compensation for demonstrable emotional injuries, as well as economic ones." *Id.* Plaintiff may, therefore, recover damages for mental and emotional distress caused by the retaliation.

Defendant also argues that a fair reading of Plaintiff's Amended Complaint does not include a retaliation claim under the FLSA. The Court disagrees. Count II is entitled "Violation of FLSA Overtime Requirements." Doc. #16, PageID#129. In addition to seeking unpaid overtime compensation and liquidated damages for the unpaid overtime, Plaintiff also seeks "compensatory damages, including but not limited to emotional distress." *Id.* The Amended Complaint specifically alleges that, after Plaintiff complained about unpaid overtime, Sally Fairchild treated her "in a belligerent and hostile manner, and intentionally assigned even more work to Ms. Fulkerson," causing Plaintiff to suffer panic attacks. *Id.* at PageID#125. These allegations are sufficient to state a claim of FLSA retaliation.

The Court therefore concludes that Plaintiff may pursue her claim of retaliation under the FLSA and may present evidence and testimony in support of

her claim for mental and emotional distress caused by the alleged retaliation. Citing Federal Rule of Evidence 403, Defendant argues that the photographs are unfairly prejudicial, and would confuse the issues and mislead the jury.  Defendant particularly objects to the admissibility of any photographs taken after the date that Plaintiff was terminated.

The Court agrees that photographs taken after the date that Plaintiff was terminated must be excluded under Rule 403 because their probative value is outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.  Nevertheless, there is no basis to exclude the remainder of the photographs that Plaintiff seeks to introduce as Exhibit 59.

Accordingly, Plaintiff's Second Motion for Leave to Amend Exhibit List, Doc. #42, and Defendant's Motion in Limine to Exclude Evidence Regarding Plaintiff's Emotional Distress and Litigation Stress, Doc. #43, are each SUSTAINED IN PART and OVERRULED IN PART.  Plaintiff may amend her Exhibit List to include a voice recording of an August 8, 2012, voice mail message from Sally Fairchild, as Exhibit 58.  With respect to the photographs, Plaintiff's Exhibit 59, Plaintiff may amend her Exhibit List to include photographs taken during the time she was employed by Defendant, but may not include photographs taken after her termination.  Likewise, at trial, Plaintiff may introduce evidence and testimony regarding mental and emotional distress caused by the alleged retaliation, but only through the date of her termination.

4

One final note. The docket incorrectly indicates that the Court issued a Notation Order on October 8, 2014, sustaining Plaintiff's Second Motion for Leave to Amend Exhibit List, Doc. #42. That docket entry should have instead indicated that the Court sustained Plaintiff's Motion for Leave to Amend Exhibit List, Doc. #41. Accordingly, the Court VACATES the October 8, 2014, Notation Order, which is superseded by this Decision and Entry.

Date: October 14, 2014

WALTER H. RICE
UNITED STATES DISTRICT JUDGE