IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| STEPHANIE FULKERSON, : | |
| Plaintiff, | |
| v. : | Case No. 3:13-cv-130 |
| YASKAWA AMERICA, INC., | JUDGE WALTER H. RICE |
| Defendant. : | |

COURT'S RULING ON FAIR LABOR
STANDARDS ACT RETALIATION CLAIM

This order seeks to clarify the nature of Plaintiff's claim of retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3). Plaintiff's Amended Complaint alleges that, in response to her complaints about "working extra hours without proper compensation, Ms. Fairchild treated Ms. Fulkerson in a belligerent and hostile manner, and intentionally assigned even more work to Ms. Fulkerson knowing that it could not be completed within a forty hour workweek." Doc. #16, PageID#125. It further alleges that Plaintiff was denied her requested promotion, that "Ms. Fairchild and Mr. Christian embarrassed and humiliated Ms. Fulkerson in front of her coworkers," and that Plaintiff was disciplined on two occasions after she complained about the alleged FLSA violations. *Id.* at PageID#126-27.

Despite these factual allegations, the Amended Complaint does not set forth a separate cause of action for FLSA retaliation. It is perhaps for this reason that

Defendant did not move for summary judgment on this claim. Nevertheless, an FLSA retaliation claim has been included in each version of the Final Pretrial Order. In each, Plaintiff characterized the claim as follows: "Ms. Fulkerson was subjected to a hostile work environment by Ms. Fairchild in retaliation for raising concerns about uncompensated overtime." Doc. #40, PageID#1262; Doc. #60, PageID#1874; Doc. #67, PageID#2475.

During the Final Pretrial Conference held on April 22, 2015, the Court noted that, based on Plaintiff's proposed jury instructions, it now appeared that Plaintiff was no longer arguing that she was subjected to a "hostile work environment" in retaliation for making complaints about lack of overtime pay. Instead, Plaintiff claimed that Motoman retaliated against her by failing to promote her, and by giving her negative performance evaluations, which adversely impacted potential merit raises. *See* Doc. #70, PageID#2554. Plaintiff then filed a Submission Regarding Claims at Trial, noting that these were not new theories, but were included in the Amended Complaint and in the scope of discovery. Doc. #73.

Defendant filed a response, arguing that it would be prejudiced if Plaintiff were permitted to shift theories. Doc. #74. Defendant also filed a Motion in Limine, Doc. #75, asking the Court to exclude all evidence and testimony related to allegations of a hostile work environment. Defendant argued, for the first time, that Plaintiff's "hostile work environment" claim is not cognizable in the context of an FLSA retaliation claim. In support, Defendant cites to *Cook-Benjamin v. MHM Corr. Servs., Inc.*, 571 F. App'x 944, 949 (11th Cir. 2014), in which the court

2

stated "there is no hostile work environment claim available under the FLSA. *See, e.g.*, 29 U.S.C. § 201, *et seq.*" Defendant also cites to *Campbell v. Kelly*, No. 3:09-cv-435, 2011 WL 3862019, at *13 (S.D. Ohio Aug. 31, 2011), in which Judge Black stated "[t]he law is clear that there is no cognizable claim for a hostile work environment resulting from the institution of an FLSA suit."

Plaintiff then filed a Memorandum in Opposition to Defendant's Motion in Limine, Doc. #76. She noted that, in contrast to the plaintiff in *Cook-Benjamin*, she has *never* asserted a "hostile work environment" as a separate cause of action under the FLSA. Instead, she has alleged a claim of retaliation under the FLSA. To succeed on that claim, she must prove that Motoman subjected her to a "materially adverse employment action" after she complained to her supervisors about the failure to properly compensate her. In the context of a retaliation claim, an employment action is "materially adverse" if "it well might have dissuaded a reasonable worker from making" an FLSA complaint. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Here, Plaintiff alleges that, after she complained about FLSA violations, she suffered a "materially adverse employment action," when her supervisors gave her even more work, treated her in a hostile and belligerent manner, failed to promote her, gave her negative performance evaluations, and failed to give her a promised merit increase. She alleges that the totality of these events "well might have dissuaded a reasonable worker" from complaining about FLSA violations.

3

Unfortunately, Plaintiff has characterized this combination of events as a "hostile work environment," thereby creating confusion where none should exist.

In *McBurnie v. City of Prescott*, 511 F. App'x 624, 625 (9th Cir. 2013), a case involving a claim of retaliation under the FLSA, the allegedly retaliatory conduct consisted of "a department-wide email singling [plaintiff] out for his complaints about the overtime policy; heckling; ostracism; rescheduling and reassignment of job duties; loss of seniority for purposes of requesting vacation time; and surveillance by supervisors."  The court held that a jury could find this conduct to be materially adverse.  Although the plaintiff in *McBurnie* did not specifically allege that his employer retaliated against him by creating a "hostile work environment," the substance of his retaliation claim is similar to Plaintiff's.

The relevant question is whether Motoman's actions, taken in their totality, would dissuade a reasonable worker from complaining about violations of the FLSA.  In the Court's view, a reasonable jury could find that these actions were materially adverse for purposes of Plaintiff's FLSA retaliation claim.  The Court further finds that, regardless of the "hostile work environment" label attached by Plaintiff, the substance of the claim, including the failure to promote and the disciplinary actions taken against her, was adequately set forth in the Amended Complaint and adequately developed in the discovery process, such that Defendant will suffer no prejudice if Plaintiff is permitted to proceed.

For these reasons, the Court overruled Defendant's Motion in Limine during the Final Pretrial Conference, and likewise overruled Defendant's Rule 50(b) motions for judgment as a matter of law.

Date: May 7, 2015                    _____
                                     WALTER H. RICE
                                     UNITED STATES DISTRICT JUDGE