IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHANIE FULKERSON,          :

    Plaintiff,

v.                            :     Case No. 3:13-cv-130

YASKAWA AMERICA, INC.,              JUDGE WALTER H. RICE

    Defendant.                :

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY FEES AND COSTS (DOC. #104); AWARDING PLAINTIFF $8,795.00 IN SUPPLEMENTAL ATTORNEY FEES, AND $2,813.59 IN COSTS; SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT YASKAWA AMERICA, INC'S MOTION FOR ATTORNEY FEES AND COSTS (DOC. #105); AWARDING DEFENDANT $ 37,507.50 IN ATTORNEY FEES AND $1,579.25 IN COSTS; DEFENDANT TO SUBMIT SUPPLEMENTAL REQUEST FOR FEES WITHIN 7 CALENDAR DAYS; PLAINTIFF MAY FILE RESPONSE WITHIN 7 CALENDAR DAYS THEREAFTER

---

Plaintiff Stephanie Fulkerson prevailed at trial on her claim that Defendant Yaskawa America, Inc., violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1), by failing to pay her certain overtime compensation to which she was entitled. Although Plaintiff sought $53,269.79 on this claim, the jury awarded just $2,739.00 in damages.

On October 23, 2015, the Court awarded liquidated damages in an equal amount. The Court also awarded Plaintiff $39,776.43 in attorney's fees to date, and directed her to file a supplemental fee motion, and to submit additional briefing

and documentation to support her claim for costs. In addition, the Court directed Defendant to submit documentation of fees and costs it incurred as a result of the delay of trial caused by Plaintiff's belated disclosure of evidence. Doc. #103.

This matter is currently before the Court on Plaintiff's Supplemental Motion for Attorney Fees and Costs, Doc. #104, and on Defendant's Motion for Attorney Fees and Costs, Doc. #105.

### I. Plaintiff's Supplemental Motion for Attorney Fees and Costs (Doc. #104)

#### A. Supplemental Attorney Fees

Plaintiff seeks a supplemental award of $7,622.50 in attorney fees for time spent preparing the original motion for attorney fees and briefing the liquidated damages issue, plus $1,172.50 for attorney fees related to the Supplemental Motion—a total of $8,795.00. Such fees are recoverable under 29 U.S.C. § 216(b). Plaintiff's motion is supported by affidavits of counsel, along with billing records. Although Defendant was given the opportunity to respond to Plaintiff's Supplemental Motion, it filed no response within the time allotted. Plaintiff's Supplemental Motion is, therefore, unopposed.

The Court has already found that $275.00 per hour is a reasonable rate for Attorney John Folkerth, and $180.00 per hour is a reasonable rate for Attorney Kenneth Heisele. Doc. #103, PageID#3059. Having reviewed counsel's affidavits and the billing records, Doc. ##104-1 through 104-3, PageID##3087-95, the Court finds that the number of hours billed were reasonably spent briefing the attorney

2

fees and the liquidated damages issues. Attorney Folkerth spent a total of 4 hours on these tasks, at $275.00 per hour, amounting to $1,100.00. Attorney Heisele spent a total of 42.75 hours on these tasks, at $180.00 per hour, which comes to $7,695.00. This brings the total award of supplemental attorney fees to $8,795.00.

      **B.**     **Costs**

In her initial Motion, Plaintiff sought $4,107.47 in costs. Defendant argued that some of the costs were not recoverable, and that others were insufficiently documented. The Court directed Plaintiff to address the alleged deficiencies. In response, Plaintiff has reduced her request for costs to $2,753.23, and has submitted additional documentation in the form of affidavits, invoices, and checks. Doc. ##104-1 through 104-6. Again, because Defendant has failed to file any response within the time allotted, Plaintiff's revised request for costs is unopposed.

The Court finds that the revised request for costs is now adequately documented. Plaintiff initially requested $2,238.60 in deposition costs. She has reduced this request to $1,796.18, by removing costs associated with Deonda Myers' deposition, and reducing costs associated with the depositions of Sally Fairchild and Roger Christian. Invoices for the deposition expenses are attached to the motion. Doc. #104-4, PageID##3096-3100.

A filing fee of $256.25, imposed by the Montgomery County Clerk of Court, is supported by an invoice. Doc. #104-5, PageID#3101. Plaintiff has also attached canceled checks for witness fees and mileage for Jennifer Katchmar, in

the amount of $60.36. Doc. #104-6, PageID##3102-03. Plaintiff's request for $700.80 for photocopies, faxes and postage, reduced from her original request of $856.30, is supported by previous affidavits and billing records. Doc. #97.

Plaintiff contends that the revised request for costs adds up to $2,753.23. However, it appears that Plaintiff omitted the $60.36 paid to Jennifer Katchmar in that total. By the Court's calculations, the revised request is actually $2,813.59 ($1,796.18 + $256.25 + $60.36 + $700.80).

For the reasons set forth above, the Court SUSTAINS Plaintiff's unopposed Supplemental Motion for Attorney Fees and Costs, Doc. #104, and awards Plaintiff $8,795.00 in supplemental attorney fees, and $2,813.59 in costs.

II. **Defendant's Motion for Attorney Fees and Costs (Doc. #105)**

In October of 2014, on the eve of trial, Plaintiff gave her attorneys dozens of additional documents that she believed supported her FLSA overtime claim. She wanted to use them at trial. The Court found that Plaintiff was grossly negligent in failing to produce these documents in a timely manner. It gave her the choice of proceeding to trial without the new documents, or postponing the trial on the condition that she pay all expenses incurred by Defendant as a result of the delay. She chose the latter.

The Court directed Defendant to prepare an estimate of the costs and fees that would likely be incurred as a result of the delay. Defendant estimated that it

4

would cost approximately $20,960.00. The Court ordered Plaintiff to deposit this amount in an escrow account with the Clerk of Court, and she did so.

In the Court's October 23, 2015, Decision and Entry, the Court directed Defendant to submit documentation of the *actual* fees and costs incurred as a result of the delay. On November 2, 2015, Defendant filed its Motion for Attorney Fees and Costs. Doc. #105. Defendant seeks $45,918.75 in attorney fees, and $1,579.25 in costs, for a total of $47,498.00, plus fees incurred in connection with litigating the request. Defendant's motion is accompanied by affidavits of counsel and billing records. Docs. ##105-1 and 105-2.

As with Plaintiff's request, the Court uses the lodestar method as a starting point in determining the reasonableness of Defendant's request.

### A.   Attorney Fees

#### 1.   Hourly Rate

Attorney Doreen Canton, who has practiced labor and employment law since 1988, seeks an hourly rate of $250.00. Attorney Evan Priestle, who began practicing law in 2014 after completing a judicial clerkship, seeks an hourly rate of $200.00. Defendant notes that these hourly rates are fairly comparable to those previously approved for Plaintiff's counsel.

Plaintiff has not objected to the hourly rates requested. Having reviewed counsel's affidavits, the Court finds that hourly rates of $250.00 for Ms. Canton and $200.00 for Mr. Priestle are reasonable, and are in line with the prevailing local market rates for attorneys with comparable skill and experience.

5

### 2. Number of Hours Reasonably Expended

Between October 28, 2014, and April 27, 2015, Ms. Canton billed 93 hours, Mr. Priestle billed 103.25 hours, and paralegal Tania Welch billed 23.5 hours. An additional .25 hours was spent delivering jury instructions to chambers. This amounts to a total of 220 hours. As a testament to the reasonableness of this figure, Defendant notes that, during this same time period, Plaintiff's counsel billed 230.5 hours. Defendant acknowledges that the actual "delay" fees requested are more than double what was originally estimated, but attributes the difference to Plaintiff's repeated revisions to her exhibits, a motion to compel precipitated by Plaintiff's testimony at her second deposition, and other unanticipated briefing.

Plaintiff raises numerous objections to the number of hours billed by Defendant's attorneys. First, Plaintiff argues that most of the hours billed by Mr. Priestle should be excluded because it appears that, prior to the delay, Ms. Canton was prepared to try the case by herself. The Joint Final Pretrial Order, filed on September 24, 2014, lists only Ms. Canton as counsel for Defendant. Attorney Aisha Monem, who had assisted Ms. Canton earlier in the litigation, left the law firm earlier that month, and Mr. Priestle did not enter an appearance until March 3, 2015, less than two months before the new trial date. Plaintiff maintains that, under these circumstances, the cost of bringing Mr. Priestle in to help try the case cannot be deemed a necessary result of the continuance.

6

In response, Defendant argues that, but for Plaintiff's belated disclosure of dozens of new documents, it would not have been necessary to bring Mr. Priestle in to assist Ms. Canton at trial. Although he did not assist in trial preparation until March of 2015, Defendant explains that this is only because his schedule did not allow it. The Court accepts Defendant's explanation that Plaintiff's belated production of new evidence precipitated the need for additional assistance in preparing for trial.

In any event, Plaintiff had two attorneys representing her throughout the litigation, and Defendant maintains that it is entitled to the same. Moreover, Defendant points out that, from October of 2014 to April of 2015, its two attorneys billed fewer hours than Plaintiff's two attorneys. For purposes of the pending motion, the relevant question is not how many attorneys Defendant had or when they entered an appearance, but whether the hours that were billed are attributable to the delay of trial.

Plaintiff notes that Mr. Priestle billed as much as $3,900.00 for time spent familiarizing himself with the case file and reviewing deposition transcripts. Given the Court's finding that Mr. Priestle's involvement in the case is attributable to Plaintiff's belated disclosure of evidence, and the fact that he needed to familiarize himself with the case in order to adequately represent his client, the $3,900.00 is not inherently objectionable. The Court finds no reason to reduce these fees.

Nevertheless, Mr. Priestle also billed as much as $5,975.00 for work that, according to Plaintiff, either was already done, or should have been done by Ms.

7

Canton prior to October of 2014, including preparing trial examination outlines of witnesses, and preparing an outline of a Rule 50 motion. Plaintiff maintains that this work was duplicative and should not be compensable. The Court agrees in part.

No doubt, Ms. Canton had begun preparing trial examination outlines and an outline of a Rule 50 motion by the time the Court agreed to continue the October 2014 trial date. However, after Plaintiff disclosed dozens of additional documents, those outlines would have required substantial revisions. Had Mr. Priestle not made those revisions, Ms. Canton would have, notably at a higher hourly rate. Nevertheless, because the billing records appear to indicate that Mr. Priestle started "from scratch" on at least some of these tasks,[1] the Court finds that there was *some* duplication of effort that cannot be deemed attributable to the delay of trial. The exact amount cannot be quantified; however, having reviewed the billing records, the Court has determined that the $5,975.00 should be reduced by 30%, or $1,792.50, to account for duplication of effort. *See Hudson v. Reno*, 130 F.3d 1193, 1209 (6th Cir. 1997), *overruled in part on other grounds*, *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001) (indicating that a district court retains discretion to make an across-the board reduction, by a certain percentage, in order to account for duplicative hours).

___

[1] For example, an April 1, 2015, billing entry states "[b]egin drafting trial examination of Nick Fulkerson," and an April 2, 2015, billing entry states, "[b]egin drafting trial examination outline for Jennifer Kann." Doc. #105-1, PageID#3119.

In a similar vein, Plaintiff argues that the fees should be reduced by at least $3,312.50, to account for numerous instances in which it appears that Defendant's attorneys reviewed or duplicated each other's work. Defendant denies there was any double billing. It explains that, in an effort to save money, Mr. Priestle drafted certain documents, which were then reviewed by Ms. Canton. Defendant further explains that both attorneys needed to review Plaintiff's exhibits in order to prepare for trial. The Court agrees on both accounts, and finds that no further reduction for duplication of effort is warranted.

Plaintiff next argues that the $7,762.50 billed in connection with Defendant's motion to compel, Doc. #64, is not compensable. Plaintiff argues that it should have been filed during the discovery phase, and that it was not the result of the delay in trial. Defendant, however, explains that the motion could not have been filed any earlier. Plaintiff's belated disclosure of additional documents prompted Defendant to take her deposition on February 27, 2015. Statements she made during that deposition caused Defendant to believe that she possessed even *more* documents that were responsive to Defendant's discovery requests, prompting Defendant to file the motion to compel. The Court agrees that the expenses incurred in connection with the motion to compel are directly related to Plaintiff's belated disclosure of documents, and are compensable.

Plaintiff also argues that the $2,102.50 billed in connection with the trial brief should be excluded because trial briefs are optional, and because the subject matter of that brief did not relate to the delay. Defendant concedes that time

9

spent on the trial brief is not compensable, but denies that the entire $2,102.50 is attributable to that task. Defendant makes no effort to suggest how much time was actually spent working on the trial brief. This is probably because Defendant's use of block billing makes it impossible for anyone—including Defendant—to accurately calculate that figure. Therefore, the Court is charged with determining an appropriate reduction.

In instances of block billing, where the Court is unable to determine whether the hours claimed were reasonably expended, the Court may make an across-the-board reduction. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008). The Supreme Court has noted that, in determining reasonable fees, the goal is not to "achieve auditing perfection." Rather, trial courts are entitled to use their best estimates in making their calculations. *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011).

On March 12, 2015, Mr. Priestle billed 9.25 hours ($1850.00) to "Review and revise joint final pretrial order; review and revise trial brief, review plaintiff's deposition for information regarding James Leshansky and Jennifer Kann; review plaintiff's exhibits for information regarding Jennifer Kann." Doc. #105-1, PageID#3117. From this billing entry, the Court is unable to determine exactly how much time was spent working on the trial brief. However, given the nature of the other tasks included in this block billing entry, the Court will attribute 6.0 hours to the trial brief, and will reduce Defendant's requested fees by $1200.00 (6 x $200).

10

On March 13, 2015, Ms. Canton billed .5 hours ($125.00) to "Review and revise trial brief and final pretrial order; correspondence regarding trial preparation." *Id.* Again, the Court is left to guess how much of this time was spent reviewing and revising the trial brief. The Court will attribute .25 hours to the trial brief, resulting in a reduction of $62.50. On April 20, 2015, paralegal Tania Welch billed 1.0 hour ($85.00) for "Trial prep. Receipt and reviewed brief for filing; finalized and preparation for filing; filed with the clerk; email regarding status." *Id.* at PageID#3119. The Court estimates that .75 hours of this time was spent on the trial brief, resulting in a further deduction of $63.75. This brings the total reduction for the trial brief to $1,326.25.

Plaintiff also argues that up to $3,000.00 in fees attributable to updates provided to AIG and an auditor are non-compensable. Again, Defendant concedes that time spent on these tasks should be excluded, but argues that a $3,000.00 reduction is excessive. Again, presumably because the time was block billed, Defendant suggests no specific amount, leaving that task to the Court.

On February 9, 2015, Ms. Canton billed 4.5 hours ($1125) to "[r]eview pleading files for trial preparation; review documents; telephone call with D. Myers and correspondence regarding trial issues; revise status report for AIG." Doc. #105-1, PageID#3116. Given the number of other tasks performed, the Court estimates that one hour was spent on the AIG status report, resulting in a reduction of $250.00. On February 10, 2015, Ms. Canton billed 3 hours ($750) to "[r]evise case status report, correspondence; review and organize new exhibits

11

for plaintiff deposition." *Id.* The Court estimates that Ms. Canton spent 1.5 hours on revisions to the status report and related correspondence, resulting in a reduction of $375.00.

On March 18, 2015, Ms. Canton billed 4.5 hours ($1125) to "[r]eview plaintiff proposed new exhibit and employee handbook, report for auditor, correspondence regarding trial issues/preparation; review plaintiff time log, time records and work product exhibits; review S. Fairchild documents regarding plaintiff time." *Id.* at PageID#3118. Again, given the number of other tasks included in this billing entry, the Court will attribute one hour of this time to the auditor's report, resulting in a further reduction of $250.00, and bringing the total reduction for updates to AIG and the auditor to $875.00.

Citing *Armstrong v. Receivables Performance Management, LLC*, No. 2:11-cv-387, 2012 WL 404893, at *3 (S.D. Ohio Feb. 8, 2012), Plaintiff also argues that $446.25, billed by Tania Welch, Defendant's paralegal, should be deducted because the tasks performed could have been performed by clerical staff. In *Armstrong*, the court noted that activities that are properly performed by a paralegal include "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." *Id.* (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)). The court held, however, that "[f]iling documents with the Court and

12

mailing documents are not activities sufficiently complex to require the professional training of a paralegal." *Id.* at *3.

Plaintiff argues that the following billing entries fall outside the scope of compensable activities:

- "Conference regarding substitution; follow-up regarding depositions and trial status; receipt and review of docketed notifications and confirmed same; filed with the court and updated docket; review of court docket; review for pending requirements and case status and conferences regarding same; follow-up with Debbie Marshall and court reporter regarding invoicing; review for status of filed depositions (and completeness of filing — signatures, errata, exhibits, etc.)" (2.5 hours on March 3, 2015 = $212.50)

- "Conference regarding filing and revisions to notices; finalized for filing; filed notice regarding supplemental exhibits to deposition; filed notice of filing transcript; filed transcript; email regarding status; follow-up regarding status." (1.0 hour on March 10, 2015 = $85.00)

- "Confirmation of filings and update to docket; review of court docket for status of pending trial notices." (.25 hours on March 11, 2015 = $21.25)

- "Trial prep. Receipt and reviewed brief for filing, finalized and preparation for filing, filed with the clerk, email regarding status." (1.0 hour on April 20, 2015 = $85.00)[2]

Doc. #105-1, PageID##3316-17, 3319.

Notably, the Court has already reduced the April 20, 2015, entry by $63.75, because these activities related, in large part, to the trial brief. Some of these other entries are too vague to allow the Court to accurately determine whether the tasks are those that required the professional training of a paralegal. Block billing

---

[2] Ms. Welch originally billed 1.5 hours for these tasks; however, this was later reduced to 1.0 hour. It appears that Plaintiff failed to take this revision into account in calculating the total figure of $446.25. The actual total is $403.75.

also makes it difficult to determine how much time was spent on any particular task. Given these difficulties, together with the fact that several of these entries impermissibly seek compensation for filing documents with the Clerk, *see Armstrong*, 2012 WL 404893, at *3, the Court finds that a $100.00 reduction is reasonable.

Plaintiff also argues that another $680.00, billed by Ms. Welch should be deducted because the following entries are so vague that the nature of the work performed cannot be determined:

- "Review of court docket for transcript filings and related signature pages and exhibits; email to Doreen Canton and Evan Priestle regarding review results, transcripts, and pretrial schedule; numerous conferences with reporter and counsel regarding transcripts, exhibits and trial status; conference with the court; receipt of exhibits, updated evidence files; preparation of transcript for filing; preparation of notices, email regarding status and filings." (2.75 hours on March 9, 2015 = $233.75)
- "Follow-up regarding proposed joint pretrial order; preparation of filings; conference/emails regarding trial status, exhibits, trial prep, pretrial requirements and status. Receipt and review of notifications; follow-up regarding transcripts, conference with Court reporter; email regarding status." (3.0 hours on March 13, 2015 = $255.00)
- "Deposition transcript and exhibit preparation, trial preparation, filings; filed transcripts, notice and exhibits; email regarding status, review of court docket, conference regarding jury questionnaires and pretrial conference, receipt and review of court notifications and confirmed deadlines" (2.25 hours on March 16, 2015 = $191.25)

Doc. #105-1, PageID##3117-18. The Court finds that these particular billing entries are sufficiently detailed with respect to the nature of the tasks performed, and further finds that these tasks are fully compensable.

In a similar vein, Plaintiff argues that the fees requested should be reduced across-the-board because Defendant's twenty-seven billing entries for

14

"correspondence" are too vague. Plaintiff notes that, on ten occasions, Defendant was billed .25 hours for correspondence when, as a practical matter, the actual time spent may have been much less. Given that the Court previously reduced Plaintiff's attorneys' fees on this same basis, Doc. #103, PageID#3065, the Court finds that a $150.00 fee reduction is warranted for excessive billing for correspondence.[3]

On seventeen other occasions, Defendant was billed at least .5 hours for a group of tasks which included correspondence. Plaintiff argues that it is difficult from the billing records to determine the nature of that correspondence. The Court rejected a similar argument in its October 23, 2015, Decision and Entry, Doc. #103, PageID#3067 n.4. When viewed in the context of the entire billing entry, the nature of the correspondence can be adequately determined.

Defendant's initial fee request was $45,918.75. The Court has reduced that amount by a total of $4,243.75, bringing the revised total to $41,675.00. Plaintiff urges an additional across-the-board reduction in fees to account for Defendant's use of block billing. Plaintiff alleges that the block billing makes it very difficult to determine which fees are truly attributable to the trial delay. Plaintiff also argues that it appears that Defendant made no effort to reduce its fees to account for fees that are not recoverable.

---

[3] Plaintiff has not specifically identified the ten occasions on which Defendant was billed .25 hours for correspondence. Nevertheless, given that Ms. Canton billed $62.50 for each quarter hour, and Mr. Priestle billed $50.00 for each quarter hour, the total entries at issue fall in the $500.00-$625.00 range.

Defendant insists that its billing records contain only those expenses attributable to the delay in trial, and are sufficiently detailed. Plaintiff, of course, is entitled to challenge this representation. As the Sixth Circuit has previously noted, there is nothing inherently wrong with block billing "so long as the description of the work performed is adequate." *Smith v. Service Master Corp.*, 592 F. App'x 363, 371 (6th Cir. 2014). Where the billing description is inadequate, the court may reduce the fees requested. *Imwalle*, 515 F.3d at 553. Here, in many instances, Defendant's use of block billing makes it difficult to determine exactly which fees are attributable to the delay in trial. To account for this difficulty, the Court finds it reasonable to make an additional across-the-board reduction of 10%, or $4,167.50.

This brings Defendant's net fee award to $37,507.50. The Court realizes that this is still more than $16,000 higher than Defendant's estimate of the anticipated cost of the trial delay. However, the unforeseen motion to compel accounts for $7,762.50, nearly half of that amount. The remainder is simply a reflection of how difficult it is to accurately estimate future litigation expenses.

**B.    Costs**

Pursuant to 28 U.S.C. § 1920, Defendant seeks to recover $973.45 in costs associated with Plaintiff's February 27, 2015 deposition, $429.30 in copying and printing costs related to exhibits used at that deposition, and revised exhibits for use at trial, and $176.50 in travel costs, for a total of $1,579.25. Plaintiff does not object to the $973.45 in deposition costs.

Plaintiff argues, however, that the photocopying charges should be reduced from 15 cents per page to 10 cents per page, equal to what Plaintiff requested. However, the 15 cents per page sought by Defendant is reasonable. Courts within the Sixth Circuit have consistently approved similar, or higher, photocopying charges. *See Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-00612, 2013 WL 1904513, at *2 (W.D. Ky. May 7, 2013), *aff'd*, 582 F. App'x 657 (6th Cir. 2014) (approving 15 cents per page); *Charboneau v. Severn Trent Labs., Inc.*, No. 5:04-cv-116, 2006 WL 897131, at *2 (W.D. Mich. Apr. 6, 2006) (approving 20 cents per page); *Sykes v. Anderson*, No. 05-71199, 2008 WL 4776837, at *8 (E.D. Mich. Oct. 31, 2008), *aff'd*, 419 F. App'x 615 (6th Cir. 2011) (approving 25 cents per page); *Matter of Union Cartage Co.*, 56 B.R. 174, 178 (Bankr. N.D. Ohio 1986) (approving 20 cents per page).

Plaintiff further argues that the number of copies allegedly attributable to the continuance is excessive and should be reduced. She notes that Defendant seeks more than half of Plaintiff's photocopying costs for the entire litigation. Defendant explains, however, that multiple copies of all of the newly-discovered documents and revised exhibits were needed for Plaintiff's second deposition and for trial. The Court finds this explanation reasonable, and awards Defendant $429.30 in copying costs.

Plaintiff next argues that Defendant should not be reimbursed $176.50 for travel expenses between Cincinnati and Dayton for Plaintiff's second deposition

17

and other witness preparation. Plaintiff argues that expenses incurred solely because Defendant hired an out-of-town attorney are not compensable.

The Sixth Circuit has held that a district court has discretion to award travel expenses for out-of-town counsel. *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991). Parties are generally entitled to counsel of their choice. Given Ms. Canton's expertise in matters of employment law, and the short distance between Dayton and Cincinnati, it cannot be said that it was unreasonable for Defendant to retain her in this matter. As such, the Court finds that her travel expenses, in the amount of $176.50, are reasonable and compensable. *See Disabled Patriots of Am., Inc. v. Reserve Hotel*, 659 F. Supp.2d 877, 889-90 (N.D. Ohio 2009).

For the reasons set forth above, the Court awards Defendant a total of $1,579.25 in costs.

### C. Supplemental Fee Request

In addition to the fees and costs sought in its motion, Defendant asks the Court to award "any amount incurred in litigating this request." Doc. #107, PageID#3142. Defendant shall have 7 calendar days from the date of this Decision and Entry to submit a supplemental fee request. Plaintiff may file a response within 7 calendar days thereafter.

### III. Conclusion

For the reasons set forth above, the Court SUSTAINS Plaintiff's Supplemental Motion for Attorney Fees and Costs, Doc. #104.  Plaintiff is awarded $8,795.00 in supplemental attorney fees, and $2,813.59 in costs.

The Court SUSTAINS IN PART AND OVERRULES IN PART Defendant Yaskawa America, Inc.'s Motion for Attorney Fees and Costs, Doc. #105.  The Court awards Defendant $37,507.50 in attorney fees and $1,579.25 in costs attributable to the delay of trial.  Defendant shall file a supplemental fee request, for fees incurred in litigating its own Motion for Attorney Fees and Costs, within 7 calendar days of the date of this Decision and Entry.  Plaintiff may file a response brief within 7 calendar days thereafter.

After the Court rules on the supplemental fee request, it will issue the final judgment in this case.  It will then convene a conference call to discuss how to best offset the competing awards of attorneys' fees and costs, taking into account the $20,960.00 that Plaintiff has deposited in the escrow account with the Clerk of Court.


Date: March 7, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE